# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>DUSTIN SHANE IVERSON,<br><br>Petitioner. | No. 60648-8-II<br><br>UNPUBLISHED OPINION |

MAXA, P.J. – In his second personal restraint petition (PRP), Dustin Iverson seeks to withdraw his 2011 guilty plea to two counts of first degree child rape. He contends that his guilty plea is invalid because he received ineffective assistance of trial counsel on various grounds and ineffective assistance of appellate counsel on his first PRP. He also argues that we should apply equitable tolling and consider this PRP despite the fact he filed it more than one year after his judgment and sentence became final because he was never advised of the one-year time limitation on collateral attacks. The State responds that equitable tolling should not apply and that this PRP is time barred.

We hold that equitable tolling does not apply because Iverson fails to demonstrate that extraordinary circumstances prevented the filing of his PRP or that he diligently pursued his rights once he became aware of them. Because equitable tolling does not apply and Iverson does

not argue that this PRP falls under any other exception to the time bar, we dismiss Iverson's PRP.[1]

FACTS

In September 2011, Iverson pleaded guilty to two counts of first degree child rape. Shortly before sentencing, Iverson hired a new attorney and moved to vacate this plea. He argued that the plea was not knowing, voluntary, and intelligent due to ineffective assistance of counsel by his first attorney.

After hearing testimony from several witnesses including Iverson and his first attorney, the trial court concluded that Iverson's plea was knowing, voluntary, and intelligent and that Iverson had failed to establish ineffective assistance of counsel. The court then sentenced Iverson.

During the sentencing hearing, the trial court orally advised Iverson that any future collateral attack on his judgment and sentence was subject to the one-year time bar stated in RCW 10.73.090. Similarly, Iverson's judgment and sentence included a notice that under RCW 10.73.090, any collateral attack – including any PRPs – must be filed within one year of the final judgment unless a statutory exception provided for in RCW 10.73.100 applied. Iverson and his attorney both signed the judgment and sentence.

Represented by his second attorney, Iverson appealed. *State v. Iverson*, No. 69900-8-I (Wash. Ct. App. May 6, 2013) (unpublished), https://www.courts.wa.gov/opinions/pdf/699008.pdf. Iverson challenged only the denial of his motion to withdraw his guilty plea. *Id.* at 1. He argued that his plea was not voluntary because

---

[1] Because this PRP is untimely, we do not address whether it also is a successive petition under RCW 10.73.140 or whether the issues he now asserts already have been raised and addressed on the merits.

he was not fully informed regarding the consequences of his plea. *Id.* at 4. He also argued that he received ineffective assistance of counsel. *Id.* at 8.

Division One of this court affirmed the trial court's denial of his motion to withdraw his guilty plea, holding that Iverson's challenge to the voluntariness of his plea failed and that Iverson failed to demonstrate ineffective assistance of counsel. *Id*. at 1. Iverson's appeal was mandated on December 11, 2013. Iverson asserts that his second attorney told him that "there was another type of appeal [he] could file, but [he] was not told that [he] had only a year to file that appeal." Pers. Restraint Pet. (PRP) App. at 370.

Assisted by a third attorney, Iverson filed a second motion to withdraw his plea in June 2016, more than two years after the mandate in his direct appeal was issued. In this motion, Iverson asserted that he had newly discovered evidence demonstrating ineffective assistance of counsel, but he did not specify what that evidence was or how it qualified as newly discovered evidence. Iverson did not assert that he had not been advised of the one-year time bar. The trial court concluded that this motion was time barred and transferred it to this court for consideration as a PRP under CrR 7.8(c)(2).

Iverson asserts that his third attorney did not advise him of that the one-year time limit had expired. In August 2016, while the first PRP was still pending in this court, Iverson's third attorney notified him that he no longer could assist Iverson with his case due to health issues, and Iverson's fourth attorney took over the case the following month.

On October 25, 2016, this court dismissed Iverson's PRP as untimely. In the order dismissing the PRP, the court applied the one-year time bar set out in RCW 10.73.090(1) and held that Iverson had not demonstrated that an exception to the time-bar applied. The court noted that Iverson had failed to identify any facial invalidity or demonstrate that his PRP fell

under any of the exceptions to the time bar. Although Iverson had asserted that he had newly discovered evidence, he failed to identify what it was.

The record does not show what, if any, contact Iverson had with his fourth counsel between 2016, when his first PRP was dismissed, and 2021. But Iverson's fourth attorney passed away in 2021, and Iverson briefly re-retained his third attorney. When his third attorney no longer could represent him, Iverson retained a fifth attorney.

Iverson contends that his ineffective assistance claim was not fully investigated until his fifth attorney took over in 2021 and that the COVID-19 pandemic and the age of the case hindered the investigation. Iverson also asserts that his fifth attorney was the first one to advise him that a PRP might not be successful because of the one-year time bar. Iverson chose to pursue a new PRP regardless of this advice.

Iverson's fifth attorney filed Iverson's current PRP in July 2024, more than 10 years after his judgment and sentence became final and almost eight years after this court dismissed Iverson's first PRP as time barred.

ANALYSIS

Iverson argues that he should be permitted to withdraw his guilty plea because he received ineffective assistance of counsel from his trial counsel and his subsequent attorneys. He further asserts that none of his attorneys advised him of the one-year time bar for filing his PRP until he hired his fifth attorney and that his attorney on his first PRP provided ineffective assistance of counsel by failing to argue that Iverson had not been advised of the time limit. Iverson contends that his reliance on his attorneys to advise him on any deadlines and their failure to do so justifies equitable tolling of the one-year time bar.

The State argues that equitable tolling should not apply and that this PRP is time barred. We agree with the State.

A.      LEGAL PRINCIPLES

RCW 10.73.090(1) provides that a petitioner generally must file a PRP within one year after a trial court judgment becomes final unless (1) the judgment and sentence is facially invalid, (2) the judgment and sentence was not rendered by a court of competent jurisdiction, or (3) one or more of the exceptions to the time bar established in RCW 10.73.100 applies. The one-year time bar may be subject to equitable tolling when justice requires it. *In re Pers. Restraint of Fowler*, 197 Wn.2d 46, 53-54, 479 P.3d 1164 (2021). Equitable tolling in collateral actions is warranted when the petitioner can demonstrate that (1) extraordinary circumstances prevented the timely filing of their PRP and (2) they diligently pursued their rights. *Fowler*, 197 Wn.2d at 54.

"Extraordinary circumstances include, but are not limited to, bad faith, deception, or false assurances by another such as, in some cases, a petitioner's own counsel." *Id*. Therefore, defense counsel's misconduct can warrant equitable tolling. *Id*. "[O]rdinary attorney negligence, such as miscalculating the filing deadline, is generally not an extraordinary circumstance." *Id*. However, "sufficiently egregious attorney misconduct – such as an attorney's failure to file their client's collateral challenge despite being timely hired to do so – creates an extraordinary circumstance that justifies equitable tolling." *Id*. To establish diligence, the petitioner need not establish exceptional diligence, but instead must demonstrate that they acted "as diligently as reasonably can be expected under the circumstances." *Id.* at 56-57.

"However, any application of equitable tolling . . . must be done only in the narrowest of circumstances and where justice requires." *In re Pers. Restraint of Carter*, 172 Wn.2d 917, 929, 263 P.3d 1241 (2011).

B.     APPLICATION OF TIME BAR

Iverson does not argue that his ineffective assistance of counsel claims fall within one of the grounds for avoiding application of the one-year time bar under RCW 10.73.090(1) or RCW 10.73.100.  Therefore, Iverson's PRP must be dismissed unless equitable tolling applies.

C.     APPLICATION OF EQUITABLE TOLLING

Iverson argues that equitable tolling applies here because his attorneys failed to advise him of the one-year time bar.  We disagree.

1.     Extraordinary Circumstances

Iverson asserts that after he lost his direct appeal, his second attorney told him that "there was another type of appeal [he] could file, but [he] was not told that [he] had only a year to file that appeal."  PRP App. at 370.  He claims that this failure rose to the level of extraordinary circumstances.

However, Iverson's second attorney was present at the sentencing hearing when the trial court orally advised Iverson that any future collateral attack on his judgment and sentence was subject to the one-year time bar stated in RCW 10.73.090.  And the second attorney (and Iverson) signed the judgment and sentence, which included notice that under RCW 10.73.090, any collateral attack – including any PRPs – must be filed within one year of the final judgment unless a statutory exception provided for in RCW 10.73.100 applied.

Under these circumstances, even if Iverson's second attorney failed to advise him of the time bar, such a failure would be akin to "ordinary attorney negligence" rather than "egregious

attorney misconduct." *Fowler*, 197 Wn.2d at 54. And such conduct certainly would not amount to "bad faith, deception, or false assurances." *Id.*

Iverson also references the failure of his third attorney to advise him of the one-year time bar. But that failure is immaterial because there is nothing in the record to suggest that the third attorney was hired before December 11, 2014, when the one-year period expired. The third attorney did not file a second motion to withdraw his plea until June 2016. Therefore, it would not have made any difference if he had advised Iverson of the one-year time bar after it had expired. The same is true for the fourth attorney, who was not hired until September 2016.

We conclude that Iverson has not established that extraordinary circumstances prevented the timely filing of his second PRP.

2. Diligence

Even assuming that the second attorney failed to advise Iverson of the one-year time bar and that failure constituted an extraordinary circumstance, Iverson still must establish that he diligently pursued his rights. *Fowler*, 197 Wn.2d at 54. Iverson does not argue that he was diligent, stating only that he made constant attempts to appeal. We conclude that Iverson cannot establish diligence.

Regardless of whether Iverson's attorneys failed to advise him of the time bar before 2021, the record demonstrates that Iverson was fully advised of the time bar by October 2016 when this court issued the order dismissing his first PRP. This order set out the one-year time bar and established the fact that the time period had expired in December 2014. This order plainly put Iverson on notice of the time bar. And Iverson does not attempt to explain why it took him almost eight years following the dismissal of his first PRP, which provided clear notice of the time bar, to file his current PRP.

Iverson does suggest that the health of his third and fourth attorneys might have impeded their abilities to represent him. But his third attorney's health issues only arose before this court's decision on Iverson's first PRP and for a brief period between when Iverson's fourth attorney passed away in 2021 and Iverson retained his fifth attorney. That does not explain why it appears that Iverson apparently took no action between October 2016 and 2021. And nothing in the record suggests that his fourth attorney's health issues were present throughout the entirety of her representation.

We acknowledge that the pandemic and the age of the case may have caused some delay once Iverson's fifth counsel began working on the second PRP. But that would account for, at most, only approximately three years of delay.

Such a significant delay after discovering that he had not been properly advised of the time bar does not demonstrate that Iverson acted as diligently as could be reasonably expected under the circumstances. Therefore, we conclude that Iverson has not established that he diligently pursued his rights.

3. Summary

Iverson cannot establish either requirement for the application of equitable tolling. Because equitable tolling does not apply, we hold that Iverson's PRP is time barred.

CONCLUSION

We dismiss Iverson's PRP as untimely.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

GLASGOW, J.

PRICE, J.